UNITED STATES DISTRICT COURT
FOR THE _District of New Mexico_

FILED
U.S. DISTRICT COURT
DISTRICT OF NEW MEXICO
2021 JUN 22 PM 4:01
CLERK-LAS CRUCES

_Li Peng Yu_,

Petitioner,

v.

_____, ATTORNEY GENERAL;

SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY;

U.S. ICE FIELD OFFICE DIRECTOR FOR THE _____ FIELD OFFICE; and WARDEN OF IMMIGRATION DETENTION FACILITY,

Respondents.

Civil Action No. 21-573

# PETITION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

Petitioner, _Li Peng Yu_, hereby petitions this Court for a writ of habeas corpus to remedy Petitioner's unlawful detention by Respondents. In support of this petition and complaint for injunctive relief, Petitioner alleges as follows:

## CUSTODY

1. Petitioner is in the physical custody of Respondents and U.S. Immigration and Customs Enforcement ("ICE"). Petitioner is detained at the

1

_Otero County Processing Center_ in _26 McGregor Range Road, Chaparral, NM 88081_

Petitioner is under the direct control of Respondents and their agents.

## JURISDICTION

2. This action arises under the Constitution of the United States, and the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104 - 208, 110 Stat. 1570, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq.

3. This Court has jurisdiction under 28 U.S.C. § 2241; art. I § 9, cl. 2 of the United States Constitution ("Suspension Clause"); and 28 U.S.C. § 1331, as Petitioner is presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States. This Court may grant relief pursuant to 28 U.S.C. § 2241, 5 U.S.C. § 702, and the All Writs Act, 28 U.S.C. § 1651.

4. Petitioner has exhausted any and all administrative remedies to the extent required by law.

## VENUE

5. Pursuant to Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 493 - 500 (1973), venue lies in the United States District Court for the

_201 West Picacho Ave. Las Cruces, NM_, the judicial district in which Petitioner resides.

## PARTIES

6. Petitioner is a native and citizen of _China_. Petitioner was first taken into ICE custody on _Aug. 27, 2020_, and has remained in ICE custody continuously since that date. Petitioner was ordered removed on _Sep. 22, 2020_.

7. Respondent _____ is the Attorney General of the United States and is responsible for the administration of ICE and the implementation and enforcement of the Immigration & Naturalization Act (INA). As such, _____ has ultimate custodial authority over Petitioner.

8. Respondent _____ is the Secretary of the Department of Homeland Security. He is responsible for the administration of ICE and the implementation and enforcement of the INA. As such, _____ is the legal custodian of Petitioner.

9. Respondent _____ is the Field Office Director of the _____ Field Office of ICE and is Petitioner's immediate custodian. See Vásquez v. Reno, 233 F.3d 688, 690 (1st Cir. 2000), cert. denied, 122 S. Ct. 43 (2001).

3

10. Respondent Warden of _____, where Petitioner is currently detained under the authority of ICE, alternatively may be considered to be Petitioner's immediate custodian.

## FACTUAL ALLEGATIONS

11. Petitioner, __Li Peng Li__, is a native and citizen of __China__. Petitioner has been in ICE custody since __08/22/2020__. An Immigration Judge ordered the Petitioner removed on __09/22/2020__.

12. I had been in custody for more than 8 months. More than the legal time of custody 6 months. So it's not legal for now. Release me to my Chinese friend's house. It's gonna be legal and fair for me.

13. ICE got all the records of cancellation of the air flights for the past 8 months, I got cancellation for the air flights for 8 times, such a long time and so many times, which means that ICE didn't and don't have the ability to send me back to China.

14. Since the schedules are all going to be impossible for the following months. I got the rights to let ICE release me at once. Hope that

4

I can be released at once for my legal rights.

15. To date, however, ICE has been unable to remove Petitioner to _China_ or any other country. For the past 8 months ICE without any abilities to send me back to China. But I'm still in custody, this is totally not right, also basically not lawful. this is the fact. I still got the 5 years valid business visa. Hope that release me ASAP.

16. Petitioner has cooperated fully with all efforts by ICE to remove him from the United States. I've waited for more than 8 months. For me, it's unacceptable, not good for my normal life, disturbance to me. Hope that release me ASAP.

17. Petitioner's custody status was first reviewed on _12/03/2020_. On _03/03/2021_, Petitioner was served with a written decision ordering his/her continued detention.

5

18. On __06/03/2021__, Petitioner was served with a notice transferring authority over his/her custody status to ICE Headquarters Post-Order Detention Unit ("HQPDU"). _____

_____
_____
_____
_____
_____

## LEGAL FRAMEWORK FOR RELIEF SOUGHT

19. In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that six months is the presumptively reasonable period during which ICE may detain aliens in order to effectuate their removal. Id. at 702. In Clark v. Martinez, 543 U.S. 371 (2005), the Supreme Court held that its ruling in Zadvydas applies equally to inadmissible aliens. Department of Homeland Security administrative regulations also recognize that the HQPDU has a six-month period for determining whether there is a significant likelihood of an alien's removal in the reasonably foreseeable future. 8 C.F.R. § 241.13(b)(2)(ii).

20. Petitioner was ordered removed on __09/22/2020__, and the removal order became final on __03/22/2021__. Therefore, the six-month presumptively reasonable removal period for Petitioner ended on __03/22/2021__.

## CLAIMS FOR RELIEF

### COUNT ONE

### STATUTORY VIOLATION

21. Petitioner re-alleges and incorporates by reference paragraphs 1 through 20 above.

22. Petitioner's continued detention by Respondents is unlawful and contravenes 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in <u>Zadvydas</u>. The six-month presumptively reasonable period for removal efforts has expired. Petitioner still has not been removed, and Petitioner continues to languish in detention. Petitioner's removal to ___China___ or any other country is not significantly likely to occur in the reasonably foreseeable future. The Supreme Court held in <u>Zadvydas</u> and <u>Martinez</u> that ICE's continued detention of someone like Petitioner under such circumstances is unlawful.

### COUNT TWO

### SUBSTANTIVE DUE PROCESS VIOLATION

23. Petitioner re-alleges and incorporates by reference paragraphs 1 through 22 above.

24. Petitioner's continued detention violates Petitioner's right to substantive due process through a deprivation of the core liberty interest in freedom from bodily restraint.

25. The Due Process Clause of the Fifth Amendment requires that the deprivation of Petitioner's liberty be narrowly tailored to serve a compelling

7

government interest. While Respondents would have an interest in detaining Petitioner in order to effectuate removal, that interest does not justify the indefinite detention of Petitioner, who is not significantly likely to be removed in the reasonably foreseeable future. Zadvydas recognized that ICE may continue to detain aliens only for a period reasonably necessary to secure the alien's removal. The presumptively reasonable period during which ICE may detain an alien is only six months. Petitioner has already been detained in excess of six months and Petitioner's removal is not significantly likely to occur in the reasonably foreseeable future.

## COUNT THREE

## PROCEDURAL DUE PROCESS VIOLATION

26. Petitioner re-alleges and incorporates by reference paragraphs 1 through 25 above.

27. Under the Due Process Clause of the Fifth Amendment, an alien is entitled to a timely and meaningful opportunity to demonstrate that s/he should not be detained. Petitioner in this case has been denied that opportunity. ICE does not make decisions concerning aliens' custody status in a neutral and impartial manner. The failure of Respondents to provide a neutral decision-maker to review the continued custody of Petitioner violates Petitioner's right to procedural due process.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court grant the following relief:

1) Assume jurisdiction over this matter;

2) Grant Petitioner a writ of habeas corpus directing the Respondents to immediately release Petitioner from custody;

3) Enter preliminary and permanent injunctive relief enjoining Respondents from further unlawful detention of Petitioner;

4) Award Petitioner attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), *as amended*, 5 U.S.C. § 504 and 28 U.S.C. § 2412, and on any other basis justified under law; and

5) Grant any other and further relief that this Court deems just and proper.

I affirm, under penalty of perjury, that the foregoing is true and correct.

_Li Peng Yi_
Petitioner

06/07/2021
Date executed

quadient
FIRST-CLA
$001
06/21/2021
043M31220

ID A206739169
Li Peng Yi
Otero County Processing
26 Mc Gregor Range Rd.
Chaparral, NM 88081

US DISTRICT COURT
District of New Mexico
100 N. Church St, Suite 280
Las Cruces, NM 88001