**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

LI PENG YI,

    Petitioner,

v.                                                                                                          No. 21-cv-573 JB/GJF

ATTORNEY GENERAL,
SECRETARY OF HOMELAND SECURITY,
ICE FIELD OFFICE DIRECTOR FOR THE
EL PASO FIELD OFFICE,
and WARDEN OF OTERO COUNTY
PROCESSING CENTER,

    Respondents.

**PETITIONER'S UNOPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENTAL
EXHIBITS IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Li Peng Yi[1] hereby respectfully files this motion seeking leave to file two supplemental exhibits in support of his 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. In support, Mr. Li shows the following:

**FACTS AND PROCEDURAL HISTORY**

Respondents have continuously detained Mr. Li for more than one year (381 days) since his order of removal became administratively final without an individualized review of his custody by a neutral arbiter. Mr. Li filed a petition for writ of habeas corpus *pro se* on June 22, 2021, challenging Respondents' authority to continue his already prolonged detention post-final order of removal. ECF Dkt. 1. Respondents filed a response to the petition on July 15, 2021. ECF Dkt. 5. Petitioner filed a *pro se* letter in reply on August 3, 2021. ECF Dkt. 6. Since that time,

---

[1] Petitioner notes that in the electronic systems maintained by U.S. Immigration and Customs Enforcement and by the Department of Justice Executive Office for Immigration Review, Petitioner's name is written as "Pengyi Li." *See* Exh. 2.

1

Respondents have filed successive updates to the unsworn declaration of U.S. Immigration and Customs Enforcement (ICE) Deportation Officer Enrique Rojas, which was originally filed in support of Respondents' response to the petition. ECF Dkt. 5, 7, 11. During the course of these proceedings, Petitioner has been transferred by ICE to the Torrance County Detention Facility, where he remains detained at this time. ECF Dkt. 10.

Mr. Li seeks relief from his ongoing unjustified detention in the form of immediate release, under reasonable conditions if necessary, or, alternatively, a custody hearing before a neutral arbiter to determine whether his continued detention is justified. ECF Dkt. 1. As set forth in his habeas petition, reply, and the proposed supplemental exhibits, Respondents continue to detain Mr. Li even though there is no significant likelihood of removal to China in the reasonably foreseeable future and he presents no risk of flight or danger to the community. *Id.*; Exh. 1 at ¶¶ 8–12, 15–18. As of the time of filing of this motion, Mr. Li remains detained at the Torrance County Detention Facility in Estancia, New Mexico. Exh. 1 at ¶ 3.

Mr. Li, with the assistance of newly appearing counsel, seeks to supplement the record with recent evidence that shows that his removal is not likely in the reasonably foreseeable future. This evidence responds directly to the unsworn declaration presented by Respondents, in which Deportation Officer Enrique Rojas states that Mr. Li's removal is imminent. ECF Dkt. 11 at ¶ 24. As the supplemental exhibits show, despite ICE's repeated conclusory assertions that Mr. Li's removal is immediately forthcoming, Mr. Li has remained detained for more than a year since his removal order became final and ICE continues to postpone his estimated removal date.

**ARGUMENT**

**I.      The Court should grant the motion to supplement the factual record.**

Motions for leave to supplement the record are committed to the sound discretion of the district court. *See Johnson v. Saffle*, 203 F.3d 835, 2000 WL 130726 at *2 (10th Cir. Feb. 4, 2000) ("We review the court's ruling on the motion to supplement the record for abuse of discretion."); *Hamer v. City of Trinidad*, 441 F. Supp. 3d 1155, 1159 n.1 (D. Colo. 2020) (granting motion to supplement "for the sake of completeness to ensure proper consideration of the issues presented").

Here, because the proposed exhibits provide updated information to the Court regarding events that occurred after the filing of his habeas petition, Mr. Li was unable to include this evidence with his original petition. Further, as a *pro se* litigant Mr. Li was unfamiliar with the U.S. legal system and the procedural mechanisms available to keep the Court informed of recent developments pertaining to his prolonged detention.

Mr. Li's declaration provides information regarding recent developments that are directly pertinent to his case including his ongoing cooperation with Respondents in their efforts to remove him to China, Respondents' unsuccessful effort to remove him in July 2021 and September 2021, and the serious toll that prolonged detention is taking on his mental health and well-being. Exh. 1 at ¶¶ 8–14. His declaration further contains information showing that he is neither a flight risk nor a danger to the community, and that he is committed to complying with any conditions of release, such that supervised release is warranted. *Id.* at ¶¶ 15–18.

The automated case information from the Executive Office of Immigration Review shows that Mr. Li has been detained for more than one year (381 days) since his removal order became administratively final on September 22, 2020. Exh. 2.

The proposed exhibits provide important information directly relevant to Mr. Li's claim in this case. The exhibits detail Respondents' recent unsuccessful attempts to remove Mr. Li to China. The exhibits further demonstrate that, in light of continued obstacles in effectuating removal and despite Mr. Li's full cooperation with ICE, removal is not practicable or reasonably foreseeable at this time. Thus, the proposed exhibits provide useful information that goes to the heart of the sole issue in this case, for which Mr. Li seeks relief. Respondents will suffer no unfair prejudice by the inclusion of these documents in the record and do not oppose the instant motion.

## CONCLUSION

For the foregoing reasons, Mr. Li respectfully requests that the Court grant his motion and include the attached exhibits as part of the evidentiary record in this case.

Respectfully submitted by:

*/s/ Rebecca Sheff*
Rebecca Sheff
Leon Howard
Zoila Alvarez Hernandez
ACLU OF NEW MEXICO
P.O. Box 566
Albuquerque, NM 87103
T: (505) 266-5915 ext. 1007
F: (505) 266-5916
rsheff@aclu-nm.org
lhoward@aclu-nm.org
zalvarez@aclu-nm.org

*Attorneys for Petitioner*

## **CERTIFICATE OF CONFERENCE**

On October 7, 2021, I discussed the filing of this motion by phone with Christine Lyman with the United States Attorney's Office in Albuquerque, New Mexico. She informed me that Respondents consent to the filing of the supplemental exhibits and do not oppose the motion.

*/s/ Rebecca Sheff*
Rebecca Sheff

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 7th day of October 2021, I filed the foregoing electronically through the CM/ECF system which caused the same to be served on all counsel of record.

*/s/ Rebecca Sheff*
Rebecca Sheff